# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

SEP 29 2008

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

BIGLER JOBE STOUFFER, II, )
)
Petitioner, )
)
v. ) Case No. CIV 06-196-RAW-KEW
)
MARTY SIRMONS, Warden, )
)
Respondent. )

## OPINION AND ORDER

In response to the court's order [Docket #20], the respondent has filed a response to petitioner's claim that this habeas corpus action was filed within the one-year statute of limitations [Docket #21], and petitioner has filed a reply [Docket #22]. The record shows that on June 30, 2004, petitioner received a misconduct for Individual Disruptive Behavior. He was found guilty at his disciplinary hearing on July 20, 2004, and the misconduct was affirmed in a September 30, 2004, due process review. On December 16, 2004, the DOC Director's Designee denied petitioner's appeal, and the limitation period for this action began.

At issue is whether the one-year limitation period of 28 U.S.C. § 2244(d) was tolled while petitioner was pursuing his state court remedies. On June 1, 2005, he filed a motion for judicial relief in Pittsburg County District Court Case No. C-2005-547, which was denied on August 16, 2005. On September 9, 2005, he filed a petition in error with the Oklahoma Court of Criminal Appeals, and on September 12, 2005, he tendered for filing a supplemental petition in error in that court. The appeal and supplemental petition in error, however, were

rejected, because petitioner had failed to include an original certified copy of the district court's ruling, which is required for all such appeals. *Stouffer v. State*, No. D-2003-277, slip op. at 1 (Okla. Crim. App. Sept. 22, 2005). In addition, petitioner had cited no authority for his appeal. *Id.* Because the appeal was not "properly filed," pursuant to 28 U.S.C. § 2244(d)(2), the tolling for petitioner's state court actions began on June 1, 2005, and ended on September 15, 2005, at the expiration of the 30 days in which petitioner could have perfected his state court appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000); *see also* Rule 5.2(C)(2), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch.18, App.

As discussed in this court's previous order, petitioner's limitation expired on December 16, 2005, one year after his administrative appeal became final. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (2006). Allowing the tolling period of 107 days while petitioner's properly filed state court appeal was pending, his deadline for filing this petition was April 2, 2006. Therefore, this habeas petition, filed on May 22, 2006, was untimely.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is, in all respects, DISMISSED as time barred.

**IT IS SO ORDERED** this 29th day of Sept 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**