IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



APR 1 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| BIGLER JOBE STOUFFER, II, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 06-196-RAW-KEW |
| MARTY SIRMONS, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On September 29, 2008, the court entered its Opinion and Order [Docket #25], dismissing this habeas corpus action as time barred pursuant to 28 U.S.C. § 2244(d). On October 8, 2008, petitioner filed a motion to alter or amend judgment [Docket #27], alleging he is entitled to equitable tolling of the limitations period.

The issue is whether petitioner's motion concerning restoration of earned credits, filed in Pittsburg County District Court Case No. C-2005-547, tolled the statutory limitations period for this habeas corpus petition [Docket #20 at 5]. In its September 29, 2008, order [Docket #25], the court found petitioner's limitations period was tolled from June 1, 2005, to September 15, 2005. *Id.* at 1-2. His attempted appeal in the Oklahoma Court of Criminal Appeals, however, did not toll the time, because it was not "properly filed," pursuant to 28 U.S.C. § 2244(d)(2). *Id.*

Petitioner cites *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000), for the proposition that "equitable tolling of limitation period for filing federal habeas petition is appropriate when a prisoner is actually innocent . . . or when petitioner actively pursues judicial remedies

but files defective pleadings during the statutory period." *Gibson* holds that "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Id.* at 808. Actual innocence would justify equitable tolling, *see id.*, but petitioner has made no showing of his actual innocence of the misconduct at issue. In addition, when a prisoner files a defective pleading while actively pursuing judicial remedies, equitable tolling also may be appropriate. *Id.* Here, the court finds petitioner has not demonstrated "rare and exceptional circumstances," and his defective pleadings in the Court of Criminal Appeals are attributable to simple excusable neglect, which is not a basis for equitable tolling. *Id.*

Petitioner also claims *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005), supports relief for his claims, because he was exercising his right of access to the courts, when he was issued the misconduct in retaliation for his exposing the respondent's unconstitutional practices. Petitioner's analysis is wrong. *Wilson* concerned a wrongful misconduct related to an inmate's attempt to pay for copies with funds from his mandatory savings account. *Id.* at 1115.

**ACCORDINGLY,** petitioner's motion to alter or amend judgment [Docket #27] is DENIED.

**IT IS SO ORDERED** this 16th day of April 2009.

Ronald A. White
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE